MARY C. HIGGINS, Respondent, *v.* GEORGE G. HALLOCK, Appellant.

*Contracts — consideration — the boarding of infant children of a testator, under a promise of his executor to pay therefor, creates a valid individual liability upon the part of such executor.*

A person, who was separated from his wife, died leaving infant children unprovided for. Thereupon one Hallock, who was the executor named in the will of their father, directed a boarding-house keeper to take and keep the children, and promised that he would see that she was paid therefor.

Upon the trial of an action brought by the boarding-house keeper against Hallock to recover the value of such board, neither side requested the submission of any question to the jury.

*Held,* that the statement of Hallock must be deemed an unconditional promise to pay for the support of the children, and that performance by the boarding-house keeper furnished a legal consideration in support thereof.

Appeal by the defendant George G. Hallock from a judgment, entered in the office of the clerk of the county of New York on the 20th day of May, 1890, in favor of the plaintiff for $840.75 damages and costs, after a trial at the New York Circuit before the court and a jury, at which a verdict was directed by the court; and also from an order, made on the 28th day of April, 1890, denying a motion made by the defendant upon the minutes of the court to set aside the verdict of the jury and direct a new trial.

*Samuel J. Crooks,* for the appellant.

*M. H. Topping,* for the respondent.

Daniels, J.:

The recovery was for the amount owing to the plaintiff for boarding, lodging and otherwise providing for four boys who were the children of Jesse Combs, deceased. They were of the respective ages of nine, ten, fourteen and sixteen years. Their father, who had provided for them, died on the 2d of October, 1887. And the defendant had been nominated an executor of his estate by his will. The two youngest of the children had been with the plaintiff, who was no more than an acquaintance of the family during the last few days of their father's illness. And on the day of the funeral the inquiry arose as to what should be done with these children, as the wife of their father had separated from him, and his domestic affairs had been managed by a housekeeper.

The evidence of the plaintiff, as well as that of two other persons given in her behalf, was that the defendant, who also was not related to the children, directed the plaintiff, who kept a boarding-house, to take and keep them and he would see her paid. And under that direction she did take, keep and maintain the children, until the amount became due to her for which the verdict was rendered.

This evidence was not controverted by the defendant, and at its close his counsel asked for a dismissal of the complaint on the ground that there was no consideration for the promises and no liability created by it against the defendant. That was denied, and the defendant's counsel then asked for the direction of a verdict in his favor, which was denied, and an exception taken to the decision, as there also was to the refusal to dismiss the complaint. The court then, without any further request or proceeding, and in compliance with the motion of the plaintiff's counsel, directed a verdict in her favor for the amount appearing to be owing to her, and to that the defendant's counsel excepted.

It is manifest, from this course of proceeding, that each of the counsel regarded the evidence as presenting points of law. Each requested the disposition of the case, as one depending only on the law, and the defendant's counsel was not disposed to have it submitted in any form to the jury. And the appeals must, for that reason, be disposed of upon that theory. And for its disposition the question arises whether the evidence supported the conclusion that the defendant had, by his promise, rendered himself liable.

The inferences warranted by the evidence are to be considered to have been adopted by the court, which might have been drawn by the jury, if the case had been submitted to them for their deliberation, instead of the verdict being directed, as it was, by the court. The question, therefore, is, whether it may be inferred from what is shown to have been said and afterwards done, that the defendant subjected himself to a legal liability for this debt.

He was an executor of the estate named in the will of the deceased father of the children, and may have concluded that it was entirely safe for himself to provide for their support, as he would have the management of their father's property, and could thereby protect himself against all risk of loss. There was no other person liable for the support of the children, and his promise could not be collateral to the obligation of another, as it is necessary it should be to bring such an undertaking within the statute of frauds. It was not to incur a liability for the debt of another, and which must be in writing, that the promise was made. But it was independent and exclusive of all other persons. And in that situation the defendant agreed that he would see the plaintiff paid her debt for what she should become entitled to for the maintenance of the children. The language may be regarded as somewhat equivocal, but, at the same time, under the attendant circumstances, it will support the inference that the design was to create an absolute liability for the payment of the debt. The children were without the assistance of any person except the defendant, who was named as executor of their father's estate, and when the inquiry was made concerning their disposition, he directed the plaintiff to take them and provide and care for them, and he would see that she was paid for doing that. She could very well understand that to be an unqualified obligation assumed by him. And if she did, it would, after she had acted upon it and performed on her part, create a legal liability for the debt against him. The court, holding the position of a jury, as it did, by the conduct of the trial, had sufficient evidence before it to support the conclusion that such was the understanding, warranted by what had been said, under which she supported and boarded the children. And that this view was adopted is evident from the direction of the verdict, which could not have been otherwise ordered. The case in its controlling features differs entirely

from those referred to as supporting the exceptions, and from all others where similar language, but used under different circumstances, has been considered.

That there was a sufficient consideration for the promise admits of no ground for doubt. The promise was to see that the plaintiff was paid, if she boarded and maintained the children, which she consented to, and afterwards did do. Her performance was the consideration exacted, and that was furnished and supplied by her, and it fully supported the promise.

Both the judgment and the order should be affirmed.

LAWRENCE, J., concurred.

Judgment and order affirmed.